1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

3

4

5

6

7

8

9

VALERIE HIRATA; *et.al.*,

                Plaintiffs,

vs.

SOUTHERN NEVADA HEALTH DISTRICT; *et.al.*,

                Defendants.

Case No. 2:13–cv–2302–LDG–VCF

**REPORT & RECOMMENDATION AND ORDER**

MOTION TO STRIKE EXPERT DR. ALISON OSINSKI (ECF NO. 100); MOTION TO STRIKE EXPERT DR. JAY FINKLEMAN (ECF NO. 103); MOTION TO STRIKE EXPERT DR. WILLIAM ROWLEY (ECF NO. 125)

10

11

       This matter involves Plaintiff Valerie Hirata's civil action against the Southern Nevada Health District (the Health District) and other Defendants.  Before the court are the follow motions:

12

13

14

       1.      The Health District's motion to strike expert Dr. Alison Osinski (ECF No. 100); Hirata's response (ECF No. 117); and the Health District's reply (ECF No. 135).

15

16

       2.      The Health District's motion to strike expert Dr. Jay Finkleman (ECF No. 103); Hirata's response (ECF No. 126); and the Health District's reply (ECF No. 153).

17

18

       3.      Hirata's motion to strike expert Dr. William Rowley (ECF No. 125); the Health District's response (ECF No. 143); and Hirata's reply (ECF No. 155).

19

20

       For the reasons stated below, the Health District's motions to strike (ECF No. 100) (ECF No. 103) should be granted.  Hirata's motion to strike (ECF No. 125) is denied.

21

**I.      Background**

22

23

       The parties are well familiar with the factual background of this action.  The court will therefore summarize the expert opinions at issue.

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Hirata's aquatics expert, Alison Osinski, received her Ph.D., master's degree, and bachelor's degree in physical education.  (ECF No. 100 at 91)  In addition to her education, Osinski has conducted hundreds of pool inspections, been consulted on major amusement park projects, and taught at a number of universities.  (*Id.* at 92)  She has also trained and supervised municipal pool inspectors and participated in over 150 aquatic accident and aquatic construction defect actions.  (*Id.* at 77)

Osinski opines that the Health District was poorly administered and that this led to the allegedly hostile work environment that the plaintiffs were forced to endure.  (*Id.* at 76-85)  The Health District moves to strike Osinski's opinion as the grounds that she is not qualified to opine on the subject matters detailed in her report and that her testimony is unreliable and will not assist the trier of facts.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d. 1311, 1315 (9th Cir. 1995).

Hirata's human resources expert, Jay Finkleman, received his Ph.D. and M.B.A. in industrial-organizational psychology and is a professor of industrial-organizational psychology at the City University of New York.  (ECF No. 103-3at 3)  Finkleman has also held a number of senior managerial positions at a number of well-known companies.  (*Id.*)

Finkleman opines that the Health District departed from its own human resources policies as well as generally accepted human resources practices when it disciplined the plaintiffs.  (*Id.* at 32)  The Health District now moves to strike Finkleman's opinion on the grounds that it is unreliable and will not assist the trier of facts.

In response to Hirata's designation of Alison Osinski, the Health District designated rebuttal expert William Rowley.  Unlike the other experts discussed in this order, Hirata does not move to exclude Rowley based on an alleged failure to meet the *Daubert* standards.  Rather she contends that Rowley's expert opinion should be excluded since his opinion considered on information that was not disclosed in his initial rebuttal expert report.  (ECF No. 125)

**II.     Discussion**

District court serve an important "gatekeeping" function that will prevent the factfinder from

hearing unqualified, unhelpful, or otherwise useless expert testimony.  *Kumho Tire Co., Ltd. v.*

*Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238 (1999).  Federal Rule of

Evidence 702 sets out the guidelines a courts uses when it determines whether an individual may give

expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or
> education may testify in the form of an opinion or otherwise if: (a) the expert's scientific,
> technical, or other specialized knowledge will help the trier of fact to understand the
> evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or
> data; (c) the testimony is the product of reliable principles and methods; and (d) the
> expert reliably applied the principles and methods to the facts of the case.

1.     Dr. Osinski is Not Qualified to Render the Expert Opinion Described in Her Report

An expert witness may be qualified to testify on a particular subject matter, but be unqualified to

testify on a related subject matter.  *See United States v. Chang*, 207 F.3d 1169, 1172 n.2 (9th Cir. 2000).

In *Chang*, the Government prosecuted the defendant for attempting to use a counterfeit bank certificate.

Id. at 1171.  The defendant designated Professor Lausier as his expert witness.  *Id.*  Lausier opined that

the defendant's bank certificate was authentic, but the professor admitted that he had no formal training

in identifying counterfeit securities.  *Id.*  The district court excluded Lausier's testimony as the professor

was not qualified to testify on the only relevant issue in the case, whether defendant's bank certificate

was authentic.  *Id.*  The Ninth Circuit affirmed the exclusion of Lausier's testimony and emphasized the

professor's general expertise in international finance did not render him qualified to testify on the

authenticity of bank certificates.  *See id.* at 1173.

Osinski's qualifications do not allow her to opine on the Health District's alleged organizational

deficiencies.  Osinski is an accomplished professional.  She earned her Ph.D. in physical education, has

3

inspected attractions at major amusement parks, and held a variety of positions within the field of

aquatics.  She has also been "retained as an expert in over 500 aquatic accident and aquatic facility

construction defect cases."  (ECF No. 100 at 77)  If Osinski's testimony was limited the quality and

thoroughness of the Health District's pool inspections, she would be more than qualified.

Osinski's proposed testimony however exceeds the scope of her qualifications.  Osinski's expert

report only contains conclusions about the Health District's alleged organizational deficiencies.  (ECF

No. 100 at 81).  For example, she opines that: (1) "[j]ob expectations were unrealistic"; (2) "[t]he permit

application process needed to be expedited"; (3) "[t]he bureaucracy needed to be streamlined to

accelerate the timeline"; (4) "[t]he workplace atmosphere was toxic"; and (5) "[t]he entire episode was a

waste of public funds, and compromised and will continue to negatively impact the health and safety of

Clark County residents."  (*Id.* at 76-84)

Osinski however does not have any experience, expertise or education in human resources or

human resources management.  (*Id.* at 28)  During her deposition, she testified that she was not a human

resources specialist and had not received any specialized human resources training.  (*Id.*)  And apart

from a year spent as a sports and aquatics supervisor in Gaithersburg, Maryland, Osinski also does not

have any experience working with public regulatory agencies such as the Health District.  (*Id.* at 93-94)

Hirata argues that Osinski's "enormous amount of education, training, and experience in pool

and spa design and environmental health reviews of public pools and spas" along with the fact that she

has trained and supervised municipal health inspectors qualifies her to render her proposed opinion.

(ECF No. 117 at 9-10)  An expert's general expertise in a subject area however will not automatically

qualify the expert to testify on a specific sub-category within that subject area.  *See Chang*, 207 F.3d

1173.  Like in *Chang*, Osinski's general aquatics expertise does not qualify her to testify on the Health

District's management and human resources problems.

1
2
3
4

While Osinski may be qualified to testify on relevant issues in an aquatic accident or aquatic construction defect action, she lacks the requisite "knowledge, skill, experience, training, or education" to testify on the Health District's alleged deficiencies.  *See id.*  The court should therefore strike Osinski's proposed expert testimony.

5

2.      Dr. Finkleman's Opinion is Unreliable

6
7
8
9

An expert's testimony must be "the product of reliable principles and methods," FED. R. EVID. 702, and not "mere subjective beliefs or unsupported speculation."  *Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994).  An expert's own assurances that his testimony is the product of reliable principles and methods is not conclusive on the issue of reliability.  *Daubert*, 43 F.3d. at 1315.

10
11
12
13
14
15
16
17
18
19
20

Hirata has not met her burden to show that Finkleman's proposed testimony is based on a reliable methodology.  *Lust By and Through Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility.")  Finkleman lists his opinions as bullet points.  (ECF No. 103-3 at 40)  For each bullet point, he generally describes the Health District's actions, cites to the relevant deposition transcript, and concludes that the Health District handled the subject incident improperly.  (*Id.*)  Finkleman does not identify a Health District policy or general human resources practice from which the Health District's conduct deviated.  Instead he offers bare conclusion such as the Health District's practices raised "red flags," were "retaliatory," or deviated from the Health District's own policies and the generally accepted human resources practices.  (*Id.*)

21
22
23
24
25

Hirata argues that the *Daubert* factors do not apply to Finkleman since his "reliability depends heavily on [his] knowledge and experience … rather than the methodology or theory behind it."  *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000).  While certain *Daubert* factors such as peer review, publication, and potential error rate are inapplicable to Finkleman's opinion, this inapplicability

does not excuse him from fully explaining how he arrived at his opinions.  *See id.*  (recognizing that a gang expert "fully articulated the basis [for his opinions]" and demonstrated "that the information upon which he relied is of the type normally obtained in his day-to-day police activity).

Conclusions without explanations do not satisfy *Daubert* reliability requirement.  *See Claar*, 29 F.3d at 500.  In *Claar*, the plaintiffs retained two medical experts who opined that there was a causal link between workplace chemical exposure and the plaintiffs' alleged injuries.  *Id.*  The district court found the expert's reports deficient because they "failed to explain which chemical(s) caused which injuries."  *Id.*  The district court allowed the experts to submit revised reports.  *Id.*  When the experts' revised reports failed to address the previously identified deficiencies, the district court excluded the experts on the ground that their testimony were unreliable.  *Id.*  The Ninth Circuit affirmed the experts' exclusion based on unreliability.  *Id.* at 502.

Similarly, Finkleman's opinions are devoid of any explanation that links a specific Health District policy to the alleged violations of this policy described in his report.  (ECF No. 103-3 at 36-46)  The court should therefore strike Finkleman's proposed expert testimony as unreliable.

3.      Dr. Rowley's Opinion Will Not be Stricken Due to Late Disclosures

An expert's report must include "the facts or data considered by the witness in forming" his expert opinion.  FED. R. CIV. P. 26(a)(2)(B).  "A testifying expert must disclose … whatever materials are given to him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such material often contain effect ammunition for cross-examination."  *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005); *see also* FED. R. CIV. P. 26(a)(2)(B).

The Health District acknowledged that it provided Rowley with deposition summaries, a set of documents which were not listed in Rowley's report.  (ECF No. 143); (ECF No. 143-1 at 4)  Instead

1

2

3

4

5

6

7

Hirata first learned of Rowley's use of the summaries at Rowley's deposition.  (ECF No. 125)  At the

hearing, the Health District stated that the summaries were intended to help Rowley navigate the

thousands of pages of deposition transcripts he was required to analyze, but he did not rely on them

when he formulated his opinion.  Even if Rowley only consulted the summaries as a quick-reference

guide, he still considered the summaries within the meaning of Rule 26.  This omission from Rowley's

expert report violated Rule 26's mandate that Rowley disclose all facts or data he considered.  *Fidelity*

*Nat. Title Ins. Co. of New York,* 412 F.3d at 751.

8

9

10

11

12

Since this court finds that Rowley's late disclosure violated Rule 26, it must now determine the

appropriate remedy.  "If a party fails to provide information … as required by Rule 26(a) or (e), the

party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at trial,

unless the failure was substantially justified or harmless."  FED. R. CIV. P. 37(c)(1).

13

14

15

16

17

18

19

20

Hirata will be given an opportunity to examine Rowley regarding the deposition summaries.  *See*

*Boliba v. Camping World, Inc.*, Case No. 2:14-cv-1840-JAD-NJK, 2015 WL 3916775 at* 2 (D. Nev.

Jun. 24, 2015) (holding that the late disclosure of an expert witness was harmless and giving the movant

an opportunity to depose the expert).  Dispositive motions are due on July 5, 2016 (ECF No. 149) and

Hirata's responses are due approximately 51 days later (ECF No. 152).  Given the extended dispositive

motions' deadlines, Hirata will therefore have sufficient time to depose Rowley on the topics described

in the deposition summaries.  Exclusion is therefore not an appropriate remedy for Rowley's late

disclosure of the deposition summaries.

21

/// /// ///

22

/// /// ///

23

/// /// ///

24

/// /// ///

25

4.      Despite Denying Hirata's Motion to Strike, This Court Recommends that Dr. Rowley be Excluded Because This Court has Already Recommended that Dr. Osinski Be Excluded

After finding Rowley's late disclosure harmless, this court's analysis would ordinarily end.  In this instance, this court will deviate from its standard procedure since this court has recommended that the initial expert Rowley was intended to rebut, Alison Osinski, should be excluded from trial.

A rebuttal expert's role is limited.  "Rebuttal experts cannot testify in their parties' case-in-chief." *Amos v. Makita, U.S.A., Inc.*, Case No. 2:09-cv-1304-GMN-RJJ, 2011 WL 43092 at* 2 (D. Nev. Jan. 6, 2011).  "Rebuttal expert testimony is limited to presenting evidence that is intended solely to contradict or rebut evidence of the same subject matter identified by an initial expert witness." *Id.*  If the court strikes Osinski's expert opinion, Rowley will not have an initial expert to rebut.  *Id.*  Nor will Rowley be permitted to testify in the Health District's case-in-chief.  *Id.*  Given the apparent futility of permitting Rowley to remain in this action, this court should exclude Rowley's expert opinion.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that the Health District's motion to strike Dr. Alison Osinski (ECF No. 100) be GRANTED.

IT IS FURTHER RECOMMENDED that the Health District's motion to strike Dr. Jay Finkleman (ECF No. 103) be GRANTED.

IT IS FURTHER ORDERED that Hirata's motion to strike Dr. William Rowley (ECF No. 125) is DENIED.  If Hirata chooses to depose Dr. Rowley, his deposition must be taken on or before June 24, 2016.

/// /// ///

/// /// ///

/// /// ///

IT IS FURTHER RECOMMENDED that Dr. Rowley's expert opinion be EXCLUDED.

IT IS SO RECOMMENDED AND ORDERED.

DATED this 31st day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE