1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8          **DISTRICT OF NEVADA**
9

10   VALERIE HIRATA, *et al*.,

11          Plaintiffs,                          Case No. 2:13-cv-02302-LDG (VCF)

12   v.                                          **ORDER**

13   SOUTHERN NEVADA HEALTH
     DISTRICT, *et al*.,
14
            Defendants.
15

16

17          The defendants–Southern Nevada Health District (Health District), Angus

18   MacEachern, Robert Gunne, Kimberly DiPasquale, and Lawrence Sands–move to exclude

19   the reports and testimony of Dr. Alison Osinski and Dr. Jay Finkleman (ECF Nos. 100,

20   103), whom the plaintiffs Valerie Hirata, Whitnie Taylor, and Angela Jones designated as

21   expert witnesses.  The plaintiffs oppose the motions (ECF Nos. 117, 126).  The Magistrate

22   Judge issued a Report and Recommendation that recommends that the motions be

23   granted.  The plaintiffs have filed objections to the recommendations (ECF Nos. 166, 167),

24   to which the defendants have filed replies (ECF Nos. 168, 169).  After carefully reviewing

25   the motions, the supporting memoranda of points and authorities, the plaintiffs' oppositions,

26   as well as their objections to the Report and Recommendation, and the defendants' replies

1  thereto, and the supporting documents and exhibits submitted by the parties, the Court will

2  adopt the Report and Recommendation, and grant the motions.

3  <u>Expert Report and Testimony of Dr. Osinski</u>

4  The Magistrate Judge found that "[i]f Osinski's testimony was limited the [sic] quality

5  and thoroughness of the Health District's pool inspections, she would be more than

6  qualified.  Osinski's proposed testimony however exceeds the scope of her qualifications."

7  ECF No. 160, p.4, ll. 3-5.  In objecting to the Report and Recommendation, the plaintiffs

8  concede that they did not retain Dr. Osinski as an expert on Human Resources.  Rather,

9  they argue that they retained Dr. Osinski "to confirm reasonable pool inspection

10 requirements and whether the large amount of inspection quotas were attainable by pool

11 inspectors."  ECF No. 167, p. 11, ll.16-17.  They conclude that the Report and

12 Recommendation is "clearly erroneous to exclude all of [Dr. Osinski's] testimony when he

13 specifically held that she was 'more than qualified' to opine on inspection related issues."

14 Initially, the Court must note its agreement with the Magistrate Judge's

15 recommendation to exclude the report and testimony of Dr. Osinski to the extent that she

16 offers opinions on matters outside of her qualifications and expertise.  The closer question

17 is whether Dr. Osinski offered expert opinions, within the areas of her expertise and

18 qualifications, that satisfy the admissibility requirements of Fed. R. Evid. 702.

19 Pursuant to Rule 702,

20 A witness who is qualified as an expert by knowledge, skill, experience,
   training, or education may testify in the form of an opinion or otherwise if: (a)
21 the expert's scientific, technical, or other specialized knowledge will help the
   trier of fact to understand the evidence or to determine a fact in issue; (b) the
22 testimony is based on sufficient facts or data; (c) the testimony is the product
   of reliable principles and methods; and (d) the expert reliably applied the
23 principles and methods to the facts of the case.

24 Absent from the plaintiffs' objection is any argument specifically identifying any opinion by

25 Dr. Osinski that was within her area of expertise that would help the trier of fact understand

26 evidence or determine a fact in issue, and further showing that Dr. Osinski identified

2

1  sufficient facts and evidence that supported her opinion, and further showing that her

2  opinion was the product of reliable principles and methods, and that Dr. Osinski applied

3  those principles and methods to the facts of this case.  Rather, without pointing to any

4  specific opinion rendered by Dr. Osinski in her report or her deposition testimony, the

5  plaintiffs offer only the general argument that Dr. Osinski should be permitted to testify on

6  "inspection related issues."

7        That the report and testimony of Dr. Osinski should be excluded is best exemplified

8  by her own words.  She concluded her report, stating:

9        Based on the above, it is my opinion that the Southern Nevada Health
   District and its supervisory employees tolerated an atmosphere unconducive
10   [sic] to work, did not properly train and oversee employees in some positions
   of supervision, allowed incompetent employees to remain in jobs for years,
11   permitted delays that cost pool owners and contractors time and money.
   They harassed employees who brought these deficiencies to their attention
12   and continued to escalate the level of harassment until the employees were
   forced to resign.
13        If called, I will testify to these expert opinions.

14  Exhibit 1 to Plaintiffs' Objection, Report of Dr. Alison Osinski, ECF No. 167-1, p. 10.

15  The plaintiffs have conceded they did not call Dr. Osinski as a Human Relations expert,

16  and that she is not qualified as such.  The plaintiffs have not offered any argument, as to

17  any of the proposed opinions expressed by Dr. Osinski, suggesting she was qualified as an

18  expert as to that opinion.  The plaintiffs have not identified any specific opinion of Dr.

19  Osinski, either in her report or her deposition testimony, that satisfies each requirement of

20  Rule 702.  The Court cannot locate any such opinion by Dr. Osinski.  Accordingly, the

21  Court will adopt the Report and Recommendation and grant the motion to exclude Dr.

22  Osinski's report and testimony.

23        Expert Report and Testimony of Dr. Finkleman

24        The Magistrate judge reported that the plaintiffs had not met their "burden to show

25  that Finkleman's proposed testimony is based on a reliable methodology."  ECF No. 160, p.

26  5, ll. 10-11.  He further explained, "Finkleman's opinions are devoid of any explanation that

1  links a specific Health District policy to the alleged violations of this policy described in his

2  report." *Id.*, at 6, ll. 12-13.

3       The plaintiffs argue that the Magistrate Judge erred in concluding that Dr. Finkleman

4  had not identified the Health District policy or general human resources practice from which

5  the Health District's conduct deviated, that it is not appropriate to strike an "experience-

6  based" expert for perceived deficiencies in methodology or reliability, and that any

7  perceived deficiency goes to the weight, rather than the admissibility, of Dr. Finkleman's

8  opinions.  They further suggest that it is inappropriate to strike an entire report when only

9  portions are objectionable.

10       As correctly noted by the Magistrate Judge, the proponents of an expert have the

11  burden of proving admissibility.  *Lust By and Through Lust v. Merrell Dow Pharmaceuticals,*

12  *Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).  The Magistrate Judge also recognized, correctly,

13  that while certain *Daubert* factors are inapplicable to an "experience-based" expert, such an

14  expert must nevertheless fully articulate the basis for his opinions.

15       The plaintiffs argue that Dr. Finkleman articulated the relevant Health District policy

16  or the relevant general human resource practice for some of his opinions.  In doing so,

17  however, they point to only some of Dr. Finkleman's opinions.  The plaintiffs further argue

18  that the Magistrate Judge improperly applied the *Daubert* factors to Dr. Finkleman's

19  opinions (despite expressly indicating that he did not do so).  The Court agrees with the

20  plaintiffs that, where the reliability of an expert's opinion rests upon knowledge and

21  experience, then reliability is to be determined with respect to that knowledge and

22  experience, rather than the application of a specific methodology or theory.  The Court

23  cannot agree, however, that the Magistrate Judge improperly determined the reliability of

24  any of Dr. Finkleman's proposed opinions by requiring a showing of a reliable methodology

25  or theory.  Rather, the Magistrate Judge noted the Dr. Finkleman failed to offer a sufficient

26

1   explanation applying his knowledge and expertise to the policies and practices that formed

2   the basis of his conclusions to permit a finding of reliability.

3        Finally, the plaintiffs argue that the Magistrate Judge erred by not allowing the

4   admission of some of Dr. Finkleman's opinions.  They do not identify the opinions that they

5   believe satisfy Rule 702.  The burden rests on the plaintiffs to show, for each proposed

6   opinion, that it is admissible under Rule 702.  The plaintiffs must identify the evidence or

7   issue for which Dr. Finkleman's expert opinion or testimony is being proffered, showing that

8   the trier of fact will need the assistance of Dr. Finkleman's expertise and knowledge.  The

9   plaintiffs have the burden of showing that Dr. Finkleman's opinion or testimony on that

10   issue is based on sufficient facts or data, which would necessarily require that he also

11   identify assumptions he relied upon in the absence of sufficient facts.  Finally, the plaintiffs

12   have the burden not only of showing that the testimony is the product of reliable principles

13   and methods, but that Dr. Finkleman reliably applied his experience and knowledge to the

14   facts of this case.  That is, the plaintiffs have the burden of showing that Dr. Finkleman

15   explained the link between the specific Health District policy or human relations practice to

16   the alleged violations of that policy or practice as he described in his report.  The plaintiffs

17   have not done so for any of Dr. Finkleman's proposed opinions.

18        Accordingly, for good cause shown,

19        THE COURT **ADOPTS** the Report and Recommendation to the extent that it

20   recommends granting the Defendants' Motion to Strike Expert Report and Exclude

21   Testimony and Opinions of Dr. Alison Osinski and the Motion to Strike Expert Report and

22   Exclude Testimony and Opinions of Dr. Jay Finkleman;

23        THE COURT FURTHER **ORDERS** that the Defendants' Motion to Strike Expert

24   Report and Exclude Testimony and Opinions of Dr. Alison Osinski (ECF No. 100) is

25   GRANTED;

26

1    THE COURT FURTHER **ORDERS** that the Defendants' Motion to Strike Expert

2    Report and Exclude Testimony and Opinions of Dr. Jay Finkleman (ECF No. 103) is

3    GRANTED.

4

5    DATED this ___ day of March, 2017.

6

7                                                    _____
                                                     Lloyd D. George
8                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26