# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VALERIE HIRATA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHERN NEVADA HEALTH DISTRICT, *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-02302-LDG (VCF)<br><br>**ORDER** |

   Steven Zimmerman, who is not a party to this litigation but has been deposed as a witness, moved to disqualify Whitney Selert from representing the plaintiffs. The Magistrate Judge granted the motion in part and denied it in part, ruling that Selert shall not have any direct involvement with Zimmerman during a deposition or at trial (ECF No. 98). Zimmerman has filed objections, arguing that the Court disqualify Selert from any further participation in this matter (ECF No. 106). The defendants have opposed, and further object to the Magistrate Judge's ruling precluding Selert from being directly involved with Zimmerman at trial (ECF No. 130). The Court will deny both objections.

   In objecting, Zimmerman raises the same arguments he presented to the Magistrate Judge. Zimmerman's arguments rest on the premise that an implied attorney-client

relationship was established between Zimmerman (an employee of the Southern Nevada Health District) and Selert (who informed Zimmerman during the meeting that he was defending the Health District). The record, however, requires the conclusion that Selert and Zimmerman did not enter into an attorney-client relationship, implied or otherwise. Rather, Zimmerman's conduct immediately prior to his meeting with Selert (informing a plaintiff that he would be meeting with the Health District's legal counsel, presumably in connection with the plaintiff), his conduct during that meeting (making a tape recording without Selert's knowledge, and stating to Selert that maybe he needed an attorney), and his conduct immediately after the meeting (proffering his tape recording to a plaintiff), require a finding that Zimmerman understood and realized that Selert was not representing him but was, instead, representing the Health District. Further, Zimmerman's conduct establishes that, promptly following the meeting, he did not consider his meeting with the defendant's legal counsel to be confidential, but was instead offering to disclose the entirety of the meeting to the plaintiffs. Selert never owed a duty of loyalty to Zimmerman.

Zimmerman's arguments that Selert should be disqualified from representing the plaintiffs because of statements Selert made during the interview are equally without merit. The Magistrate Judge did not clearly err in ruling that Selert should not be completely disqualified from representing the plaintiffs. The Court will deny Zimmerman's objections.

The defendants argue that the Magistrate Judge erred in finding Selert violated Nevada Rule of Professional Conduct 1.13(f), a finding they indicate they are challenging only because Zimmerman's objection has required them to again address whether and to what extent Selert can continue to represent the Health District. Rule 1.13(f) states in relevant part:

> In dealing with an organization's . . . employees, a lawyer shall explain the identity of the client to the constituent and reasonably attempt to ensure that the constituent realizes that the lawyer's client is the organization rather than the constituent.

2

1 In his oral ruling, the Magistrate Judge stated:

2     [W]hen an attorney is representing an employer in litigation and meets with a
3     witness who is also a current employee of his client, it certainly is important
    that the employee – that the attorney clearly clarify for that employee whether
    or not he's representing the employee. And it – I mean, on the record in front
4     of me, that was not done here.  There's really no question about that.

5 The defendants argue that Rule 1.13(f) mandates an attorney to: (1) explain to the

6 employee that his client is the employer and not the employee, and (2) "reasonably attempt

7 to ensure" the employee realizes the attorney represents the employer and not the

8 employee. They argue that Selert did explain to Zimmerman that his client was the Health

9 District. The defendants' reliance on the introduction of Selert as counsel for the Health

10 District does not satisfy Selert's obligation to explain to Zimmerman that Selert was

11 representing the Health District. The defendants do not point to any portion of the

12 transcript of Selert's meeting with Zimmerman in which Selert explained the identity of his

13 client. Selert's several references to the identity of his client, such as indicating his "job"

14 was to defend the Health District, do not clearly satisfy the requirement of *explaining* to

15 Zimmerman, as an employee of the Health District, the identify of Selert's client. The rule

16 does not require an attorney to refer to the identity of his client while speaking with an

17 employee. Rather, the rule requires that the attorney explain to the employee that the

18 attorney represents the employer and not the employee.

19       Nevertheless, even assuming that Selert's brief references that he was defending

20 the Health District were sufficient as an explanation that Selert was not representing

21 Zimmerman, Selert did not meet the requirement of reasonably attempting to ensure that

22 Zimmerman understood that Selert represented the Health District and not him. The

23 defendants suggest Selert satisfied the requirement because any reasonable attorney

24 could have concluded that Zimmerman realized that Selert was not representing him.

25 While the Court agrees that the transcript of the meeting would allow any reasonable

26 attorney to draw this conclusion, that is not the requirement of the Rule. Rather, the rule

3

requires the attorney to make a reasonable attempt to ensure the employee realizes the attorney is not representing him.  In the context of the Rule, a "reasonable attempt" requires something more than simply observing an employee's conduct during the course of a meeting and, at some undefined point, drawing a conclusion that the employee realizes that the attorney is not representing the employee.  Rather, the reasonable attempt must occur in the context of the explanation.  Absent from the defendants' argument or evidence is any indication that Selert made any such "reasonable attempt" in the context of his cursory references that he was defending the Health District.

In his declaration, Selert asserts: "It was clear to me Zimmerman knew I represented only SNHD and did not represent [Zimmerman]."  Selert then indicates he reached this conclusion because Zimmerman did not question whether Selert represented him or otherwise indicate such a belief.  Selert's assertions regarding his observations and conclusions are not relevant.  Rule 1.13(f) is not triggered by the absence of a statement or question by an employee indicating the employee's mistaken belief that the attorney representing the employer also represents the employee.  Rather, Rule 1.13(f) places the burden on the attorney to make a "reasonable attempt" to ensure that the employee does not have such a misunderstanding.

Selert further suggests his conclusion that Zimmerman understood that Selert did not represent him is supported by Zimmerman's statement, during the meeting, that maybe he needed his own lawyer.  The statement might be evidence whether the "reasonable attempt" requirement was satisfied by asking the employee, "Do you understand?" as a follow-up to the explanation of the identity of the client.  The statement might also be evidence that Zimmerman understood that Selert did not represent him.  Zimmerman's statement is not, however, evidence that Selert engaged in the act of making a reasonable attempt to ensure Zimmerman understood that Selert did not represent him.  The evidence submitted to the Magistrate Judge and to this Corut establishes that Zimmerman did not

4

utter the statement in response to any effort or attempt by Selert to ensure Zimmerman realized that Selert did not represent him.

As the defendants have not shown that the Magistrate Judge clearly erred in finding that Selert did not comply with the requirements of Rule 1.13(f), the Court will deny their objection.

DATED this 31 day of March, 2017.

_____
Lloyd D. George
United States District Judge

5